# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD DANIELS** | § § § | |
| **PLAINTIFF,** | § § § | |
| **VS.** | § § § | **CIVIL ACTION NO.: CV-2021-** |
| **LEGACY FUNERAL GROUP, LLC** | § § § § | |
| **DEFENDANT.** | § | **JURY DEMAND REQUESTED** |

COMES NOW the Plaintiff, James Richard Daniels ("Plaintiff"), a resident of Alabama who was employed by Legacy Funeral Group, LLC. (hereinafter "Legacy" or "Defendant"), and files this action against Legacy for wages owed in the nature of unpaid overtime and/or minimum wages, as well as other damages and remedies. Plaintiff contends that Legacy violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq, and in support thereof, hereby alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wage and/or overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff, whose

job title was Pre-Arrangement Specialist, was paid by Defendant as FLSA exempt and who worked more than 40 hours in multiple workweeks within the period beginning three years preceding the filing date of this Complaint.

## THE PARTIES

2. Plaintiff is an adult, is nineteen (19) years of age or over, and is a resident of Northport, Alabama who worked in multiple workweeks for Legacy for which he was paid by Defendant as exempt from the FLSA within the relevant statutory period.

3. According to its corporate filings with the Alabama Secretary of State, Defendant Legacy is a foreign limited liability company registered to transact business in Alabama. Legacy operates a funeral home called Magnolia Chapel located at 6100 Old Greensboro Road, Tuscaloosa, Alabama 35405, in the Western Division of the Northern District of Alabama, where Plaintiff worked for Defendant within the relevant period.

4. At all times material to this action, the Defendant has been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

5. Legacy is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

6. At all times relative to this action, Defendant has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

7. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

## JURISDICTION & VENUE

8. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction in the Northern District of Alabama, and Plaintiff worked for Defendant during the relevant period at a location owned

and operated by Defendant in the Western Division of the Northern District of Alabama.

10. At all relevant times herein, the Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times herein, the Defendant employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendant engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## STATEMENT OF FACTS

12. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

13. Defendant employed Plaintiff in one or more work weeks for which Defendant issued payments on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums and/or minimum wage for all hours worked.

14. Defendant internally classified and paid Plaintiff as FLSA exempt

throughout the relevant period.

15. Defendant owned and maintained control, oversight, and discretion over the operation of its location where Plaintiff worked during the relevant period, including its employment practices with respect to the Plaintiff.

16. Plaintiff's work was performed in the normal course of Defendant's business and was integrated into it.

17. Consistent with the Defendant's policy, pattern and/or practice, Plaintiff worked over 40 hours in one or more workweeks, but Plaintiff did not receive overtime premiums and/or minimum wage on one or more regularly scheduled pay dates within the relevant period for hours worked in excess of 40 in those workweeks.

18. All of the work that the Plaintiff performed was assigned by Defendant, and/or Defendant was aware of all of the work that he performed.

19. The work that Plaintiff performed as part of his primary duty required no capital investment on the part of the Plaintiff.

20. The work that Plaintiff performed as part of his primary duty did not include managerial responsibilities or the supervision of any other employees.

21. Plaintiff's primary job duties were turning on and off lights, phones, background music, answering the phone at the front desk, greeting people and, from and at the funeral home itself, calling and occasionally meeting with

potential customers regarding burial insurance operations (called "Pre-Arranged" or "Pre-Need" contracts consistent with Plaintiff's title of "Pre-Arrangement Specialist") and selling burial insurance plans, among other non-exempt duties.

22. In order to get his job and hold the position of Pre-Arrangement Specialist, Plaintiff was required to get and/or maintain a "Preneed Sales Agent" insurance license with the State of Alabama Department of Insurance, which he did.

23. Plaintiff's primary job duties did not include:

    a. hiring;
    b. firing;
    c. disciplining other employees;
    d. determining scheduling; or
    e. supervising and delegating;

24. The performance of answering the phone at the funeral home and working, at and from the funeral home location itself, on pre-need burial insurance sales, occupied the majority of Plaintiff's working hours.

25. Despite the foregoing, Defendant classified, and paid, Plaintiff as exempt from the FLSA, throughout the relevant period.

26. Defendant did not record or keep track of the Plaintiff's hours worked in any workweek.  However, Defendant intentionally and falsely put on Plaintiff's bi-weekly paystubs that he worked exactly 70 hours in every full pay period that the Plaintiff worked, despite the Plaintiff never clocking in or out (or being asked

to clock in or out or record his hours worked), and there being no factual basis for the made-up 70 hour bi-weekly amount.

27. Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying lawful wages to Plaintiff. Defendant knew that Plaintiff was not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff as a non-exempt employee Defendant also knew that it was placing false hours worked amounts on Plaintiff's paystubs.

28. During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiff was primarily performing non-exempt duties.

29. During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees minimum wage for all hours worked and employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to the Plaintiff during the relevant period. This policy and

pattern or practice includes but it is not limited to:

    a.    willfully misclassifying Plaintiff as exempt from the requirements of the FLSA;

    b.    willfully failing to pay Plaintiff minimum wage and/or overtime wages for hours that they worked in excess of 40 hours per week;

    c.    requiring Plaintiff to perform primarily non-exempt tasks; and

    d.    willfully documenting the Plaintiff's pay records with false hours worked amounts, with knowledge that the Plaintiff's hours worked were not actually recorded, and certainly not exactly 70 hours every pay period.

31.    Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff.

32.    Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff during the relevant period.

## FIRST CAUSE OF ACTION
**Fair Labor Standard Act – Unpaid Minimum Wages and/or Overtime Wages**

33.    Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

34. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

36. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

37. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

38. The overtime wage and minimum wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

39. During the relevant period, Defendant had a policy and practice of not paying minimum wage to Plaintiff for all of his hours worked and/or overtime premiums to Plaintiff for hours worked in excess of 40 hours per workweek.

40. As a result of Defendant's willful failure to compensate Plaintiff at a rate equal to minimum wage for all hours worked and/or not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. As a result of Defendant's willful failure to record, report, credit

and/or compensate Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42. Due to Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff included non-exempt tasks, Defendant's instituting a policy and practice that did not record all hours worked by Plaintiff, and then intentionally putting false hours worked amounts on Plaintiff's pay records that indicated otherwise, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

43. As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant any unpaid minimum wages and/or overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover his unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

44. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff seeks entry of a judgment finding liability under the FLSA and entering the following relief:

A. An award of unpaid minimum wages for all hours worked and unpaid overtime wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

B. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

C. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

D. An award of all allowable interest;

E. An award of costs and expenses of this action together with reasonable attorney's fees; and

F.    Such other and further relief as the Court deems just and proper.

Dated this the 20th day of September, 2021.

>   Respectfully submitted,
>
>   */s/ David A. Hughes*
>   David A. Hughes
>   **HARDIN & HUGHES, LLP**
>   2121 14th Street
>   Tuscaloosa, AL 35401
>   T: (205) 523-0463
>   E: dhughes@hardinhughes.com
>   *Attorney for Plaintiff*

### ADDRESS OF DEFENDANT'S REGISTERED AGENT FOR SERVICE OF PROCESS

CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Case 7:21-cv-01262-GMB   Document 1   Filed 09/20/21   Page 13 of 13